**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **MEGAN EPLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CENTRAL COLLECTION SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

### COMPLAINT

NOW COMES the Plaintiff, MEGAN EPLEY, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CENTRAL COLLECTION SERVICES, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

5. MEGAN EPLEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Denver, County of Denver, State of Colorado.

1

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Arapahoe Community College (hereinafter, "ACC").

7. The debt that Plaintiff allegedly owed ACC was for a student loan and/or financial aid, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(5).

10. At all relevant times, the debit account held by Plaintiff at Higher One, Inc., was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

11. At all relevant times, the debit account held by Plaintiff at Higher One, Inc., was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

12. At all relevant times, the debit account held by Plaintiff at Higher One, Inc., was an "account" as that term is defined by 15 U.S.C. §1693a(2).

13. At all relevant times the term "electronic fund transfer" as used in this Complaint is defined by 15 U.S.C. §1693a(6).

14. At all relevant times the term "preauthorized electronic fund transfer" as used in this Complaint is defined by 15 U.S.C. §1693a(9).

15. CENTRAL COLLECTION SERVICES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Colorado. Defendant's principal place of business is located in the State of Colorado.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

19. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

20. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

21. At all relevant times, Defendant was a person who directly or indirectly held an account belonging to Plaintiff.

22. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(8).

## IV.  ALLEGATIONS

## COUNT I: VIOLATION OF THE FDCPA

23. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

24. On or prior to June 14, 2011, Plaintiff allegedly incurred a debt with ACC in the amount of $689.00.

25. On or prior to June 14, 2011, Plaintiff allegedly owed a debt to ACC in the amount of $689.00.

26. On or about June 14, 2011, ACC sent a correspondence to Plaintiff in an attempt to collect a debt in the amount of $689.00. (See a true and exact copy of said correspondence, dated June 14, 2011, attached hereto as **Exhibit A**).

27. On or about August 30, 2011, Defendant sent Plaintiff a correspondence in an attempt to collect the aforesaid debt that Plaintiff allegedly owed to ACC. (See a true and exact copy of said correspondence, dated August 30, 2011, attached hereto as **Exhibit B**).

28. On or about August 30, 2011, Defendant sent a correspondence to Plaintiff in an attempt to collect a debt Plaintiff allegedly owed in the amount of $813.02.

29. Defendant, in the correspondence sent to Plaintiff, dated August 30, 2011, stated the debt Plaintiff owed to ACC had been assigned to Defendant in the amount of $813.02.

30. Defendant, in the correspondence sent to Plaintiff, dated August 30, 2011, stated that Plaintiff owed no interest relative to the debt on which Defendant was attempting to collect.

31. Upon information and belief, at the time Defendant was assigned the debt Plaintiff allegedly owed to ACC, the amount of the debt on which Defendant was assigned by ACC to collect from Plaintiff was less than $813.02.

32. Upon information and belief, even if Defendant was permitted to add collection costs to the debt on which it was attempting to collect from Plaintiff, as of on or about August 30, 2011, the amount of the debt on which Defendant was attempting to collect from Plaintiff inclusive of any collection costs, would be less than $813.02.

33. At the time Defendant sent a correspondence to Plaintiff, on August 30, 2011, wherein Defendant stated it was assigned a debt from ACC in the amount of $813.02, Defendant misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that, upon information and belief, the amount of the debt was less than $813.02.

34. Defendant's representation to Plaintiff, on August 30, 2011, wherein it stated it was assigned a debt from ACC in the amount of $813.02, was false, deceptive and/or misleading given that, upon information and belief, at the time Defendant was assigned the aforesaid debt from ACC, the amount of the debt on which Defendant was assigned to collect was less than $813.02.

35. On or about September 2, 2011, Defendant sent Plaintiff a correspondence in a further attempt to collect the debt that Plaintiff allegedly owed to ACC. (See a true and exact copy of said correspondence, dated September 2, 2011, attached hereto as **Exhibit C**).

36. On or about September 2, 2011, Defendant sent a correspondence to Plaintiff in an attempt to collect a debt Plaintiff allegedly owed in the amount of $813.02.

37. Defendant, in the correspondence sent to Plaintiff, dated September 2, 2011, stated that Plaintiff owed no interest relative to the debt on which Defendant was attempting to collect.

38. Upon information and belief, even if Defendant was permitted to add collection costs to the debt on which it was attempting to collect from Plaintiff, as of on or about September

5

2, 2011, the amount of the debt on which Defendant was attempting to collect from Plaintiff that she allegedly owed to ACC, inclusive of any collection costs, would be less than $813.02.

39.     At the time Defendant sent a correspondence to Plaintiff, dated September 2, 2011, wherein Defendant stated Plaintiff owed a balance in the amount of $813.02, Defendant misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that, upon information and belief, at the time Defendant sent the aforesaid correspondence, Plaintiff allegedly owed a debt in an amount less than $813.02.

40.     Defendant's representation to Plaintiff, on September 2, 2011, wherein Defendant stated Plaintiff owed a balance to ACC in the amount of $813.02, was false, deceptive and/or misleading given that, upon information and belief, at the time Defendant sent the aforesaid correspondence, Plaintiff allegedly owed a debt to ACC in an amount less than $813.02.

41.     On or about November 5, 2011, Plaintiff engaged in a telephone call with Defendant.

42.     During the course of the aforesaid telephone call, Defendant informed Plaintiff that she owed a debt to ACC relative to a student loan she had incurred.

43.     During the course of the aforesaid telephone call, Plaintiff asked Defendant's duly authorized representative to provide Plaintiff with information relative to his individual identity.

44.     At no time during the course of the aforesaid telephone conversation did Defendant's duly authorized representative provide Plaintiff with information relative to his individual identity.

45.     During the course of the aforesaid telephone call, Defendant's duly authorized representative refused to provide Plaintiff with information relative to his individual identity.

46. On or about November 10, 2011, Plaintiff engaged in a telephone call with Defendant.

47. Defendant informed Plaintiff that she owed a debt to ACC relative to a student loan she had incurred.

48. Plaintiff informed Defendant that the student loans she had allegedly incurred were in deferment.

49. Plaintiff then asked Defendant to provide her with information relative to the debt on which Defendant was attempting to collect.

50. Defendant informed Plaintiff that it would not provide her with any more information.

51. Defendant's duly authorized representative informed Plaintiff that it was under no obligation to provide Plaintiff with information relative to the debt on which it was attempting to collect.

52. Defendant informed Plaintiff that if she wanted to obtain information relative to the debt she owed then Plaintiff would have to request that information directly from ACC.

53. During the course of the aforesaid telephone call between Plaintiff and Defendant, Defendant informed Plaintiff that she had to pay in full the debt she owed to ACC.

54. Defendant further informed Plaintiff that if she did not pay the debt by November 30, 2011, then a lawsuit would be filed against Plaintiff relative to the debt she owed.

55. Defendant further informed Plaintiff that if she did not pay the debt by November 30, 2011, then Defendant would obtain Plaintiff's tax refund.

56. Due to Defendant's representations to Plaintiff, during the aforesaid telephone call, Plaintiff told Defendant she would make a $50.00 payment to Defendant relative to the debt on which Defendant was attempting to collect.

57. During the course of the aforesaid telephone conversation, Plaintiff made a $50.00 payment to Defendant relative to the debt on which it was attempting to collect.

58. Defendant accepted the $50.00 payment from Plaintiff.

59. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, on or about December 11, 2011, Defendant proceeded to contact Plaintiff's mother in an attempt to collect the debt Plaintiff allegedly owed to ACC.

60. On or about December 11, 2011, Defendant initiated a telephone call to Plaintiff's mother in a further attempt to collect the debt Plaintiff allegedly owed to ACC wherein Defendant engaged in a telephone conversation with Plaintiff's mother.

61. During the course of the aforesaid telephone conversation between Defendant and Plaintiff's mother, Defendant informed Plaintiff's mother that it was looking for Plaintiff.

62. Plaintiff did not provide Defendant with consent to communicate with third-parties.

63. On or about December 11, 2011, at the time Defendant initiated the aforesaid telephone call to Plaintiff's mother, Defendant was aware of Plaintiff's contact information.

64. On or about December 11, 2011, at the time Defendant initiated the aforesaid telephone call to Plaintiff's mother, Defendant had engaged in multiple contacts with Plaintiff.

65. On or about December 19, 2011, Plaintiff engaged in a telephone conversation with Defendant wherein Defendant attempted to collect the debt Plaintiff allegedly owed to ACC.

66. During the course of the aforesaid telephone conversation, Defendant, again, informed Plaintiff that if she failed to pay in full the debt she owed then Defendant would file a lawsuit against her.

67. During the course of the aforesaid telephone conversation, Defendant, again, informed Plaintiff that if she did not pay in full the debt she owed then Defendant would obtain Plaintiff's tax refund.

68. Defendant's representations to Plaintiff, during the aforesaid telephone call, were statements made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

69. Due to Defendant's representations to Plaintiff, during the aforesaid telephone call, Plaintiff told Defendant she would make a $50.00 payment to Defendant relative to the debt on which Defendant was attempting to collect.

70. During the course of the aforesaid telephone conversation, Plaintiff provided Defendant with her debit account information at Higher One, Inc., so that Defendant could electronically withdraw a $50.00 payment from Plaintiff's debit account.

71. During the course of the aforesaid telephone conversation, the parties confirmed that Defendant was to withdraw a one (1) time payment of $50.00 from Plaintiff's Higher One, Inc., debit account on or about December 19, 2011.

72. During the course of the aforesaid telephone call, Plaintiff provided Defendant with her oral authorization for Defendant to electronically transfer funds from Plaintiff's Higher One, Inc., debit account on or about December 19, 2011, so that Plaintiff could make a payment to Defendant relative to the debt on which it was attempting to collect.

73. At no time during the aforesaid telephone conversation did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's Higher One, Inc. debit account Plaintiff had to provide Defendant with written consent to carry out the aforesaid transfer.

74. Prior to December 19, 2011, Defendant did not obtain written consent from Plaintiff to transfer funds from Plaintiff's Higher One, Inc., debit account.

75. On or about December 19, 2011, Defendant withdrew $50.00 from Plaintiff's Higher One, Inc., debit account.

76. On or about December 19, 2011, Defendant transferred to Defendant $50.00 in funds from Plaintiff's Higher One, Inc., debit account.

77. On or about December 19, 2011, Defendant was successfully able to transfer the aforesaid funds to Defendant from Plaintiff's Higher One, Inc., debit account.

78. On or about December 19, 2011, at the time Defendant transferred the aforesaid funds to Defendant, from Plaintiff's Higher One, Inc., debit account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

79. To date, Plaintiff has not paid in full the debt on which Defendant was attempting to collect.

80. To date, no lawsuit has been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

81. Defendant's representations to Plaintiff that it would file a lawsuit against her unless she paid in full the debt she allegedly owed, as delineated above, were false, deceptive and/or misleading given that Plaintiff has not paid in full the debt she allegedly owed and to date

no lawsuit has been filed against Plaintiff relative to the debt on which Defendant was attempting to collect.

82. To date, Defendant has not garnished Plaintiff's tax refund.

83. Defendant was attempting to collect on debt allegedly owed by Plaintiff for a federal loan.

84. Defendant threatened to garnish Plaintiff's tax refund.

85. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

86. Defendant is a debt collection company and as a debt collection company attempting to collect on a federal loan, Defendant can only refer the matter back to the creditor with a recommendation that they send notice of garnishment.

87. The representations made to Plaintiff by Defendant regarding garnishment of her tax refunds were false.

88. On or about January 23, 2012, Defendant sent Plaintiff a correspondence in an attempt to collect a debt that Plaintiff allegedly owed to ACC. (See a true and exact copy of said correspondence, dated January 23, 2012, attached hereto as **Exhibit D**).

89. Defendant, in the correspondence sent to Plaintiff, dated January 23, 2012, stated the debt Plaintiff owed to ACC had been assigned to Defendant in the amount of $813.02.

90. Again, upon information and belief, at the time Defendant was assigned the debt Plaintiff allegedly owed to ACC, the amount of the debt on which Defendant was assigned by ACC to collect from Plaintiff that she allegedly owed was less than $813.02.

91. Again, at the time Defendant sent a correspondence to Plaintiff, on January 23, 2012, wherein Defendant stated it was assigned a debt from ACC in the amount of $813.02,

Defendant misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that, upon information and belief, at the time Defendant was assigned a debt from ACC the amount of the debt assigned was less than $813.02.

92. Again, Defendant's representation to Plaintiff, on January 23, 2012, wherein it stated it was assigned a debt from ACC in the amount of $813.02, was false, deceptive and/or misleading given that, upon information and belief, at the time Defendant was assigned the aforesaid debt from ACC the amount of the debt on which Defendant was assigned to collect was less than $813.02.

93. In its attempts to collect the debt allegedly owed by Plaintiff to ACC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

  i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

94. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MEGAN EPLEY, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE EFTA

95. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

96. On or about December 19, 2011, during a telephone conversation between Plaintiff and Defendant, Plaintiff provided Defendant with oral consent to transfer funds from her Higher One, Inc., debit account to Defendant relative to the debt on which it was attempting to collect.

97. At no time prior to December 19, 2011, did Plaintiff provide Defendant with written consent for Defendant to carry out an electronic fund transfer from Plaintiff's Higher One, Inc., debit account.

98. At no time prior to December 19, 2011, did Plaintiff provide Defendant with written consent to transfer funds to Defendant from her Higher One, Inc., debit account.

99. At no time prior to December 19, 2011, did Plaintiff advise Defendant that she waived her right to provide Defendant with written consent to execute the aforesaid transfer of funds.

100. On or about December 19, 2011, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's Higher One, Inc., debit account without having first obtained written consent from Plaintiff to carry out the aforesaid transaction.

101. On or about December 19, 2011, Defendant transferred to Defendant $50.00 in funds from Plaintiff's Higher One, Inc., debit account.

102. On or about December 19, 2011, Defendant successfully carried out the aforesaid transfer of funds and Plaintiff's Higher One, Inc., debit account was debited in the amount of $50.00.

103. Defendant has debited Plaintiff's Higher One, Inc., debit account without obtaining a written authorization signed or similarly authenticated from Plaintiff for a preauthorized electronic fund transfer from Plaintiff's Higher One, Inc. debit account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. §1693e(a).

104. Defendant has debited Plaintiff's Higher One, Inc., debit account without providing Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for a preauthorized electronic fund transfer from Plaintiff's Higher One, Inc., debit account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. §1693e(a).

WHEREFORE, Plaintiff, MEGAN EPLEY, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

      c.      Plaintiff's attorneys' fees and costs; and,

      d.      Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

105. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**MEGAN EPLEY**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: March 22, 2012

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us