**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-CV-00713-RPM-BNB

MEGAN EPLEY,

    Plaintiff,

  v.

CENTRAL COLLECTION SERVICES,

    Defendant.

---

**ANSWER**

---

Defendant CENTRAL COLLECTION SERVICES (hereinafter "CCS"), a unit within the Colorado Department of Personnel and Administration, through undersigned counsel files this Answer to Plaintiff MEGAN EPLEY's (hereinafter "Plaintiff") Complaint and states as follows:

### I.    PRELIMINARY STATEMENT

1. With respect to the allegations of paragraph #1, CCS admits that Plaintiff has brought an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, et seq., and the Electronic Funds Transfer Act (hereinafter "EFTA"), 15 U.S.C. § 1693, et seq. CCS denies that Plaintiff is entitled to relief under the FDCPA or EFTA.

### II.    JURISDICTION & VENUE

2. CCS admits paragraph #2 of Plaintiff's Complaint.

3. CCS admits paragraph #3 of Plaintiff's Complaint.

4. With respect to the allegations of paragraph #4, CCS admits that venue is proper in this Court. *See* 28 U.S.C. § 1391(b).

### III. PARTIES

5. CCS is without sufficient information regarding the allegations of paragraph #5 and therefore denies same.

6. CCS admits the allegations of paragraph #6.

7. CCS admits the allegations of paragraph #7.

8. The allegations of paragraph #8 are legal arguments that require no response from CCS. To the extent that a response is required from CCS, CCS admits that the FDCPA defines "consumer" in 15 U.S.C. § 1692a(3) and submits that this provision speaks for itself.

9. The allegations of paragraph #9 are legal arguments that require no response from CCS. To the extent that a response is required from CCS, CCS admits that the EFTA defines "consumer" in 15 U.S.C. § 1693a(5) and submits that this provision speaks for itself.

10. CCS is without sufficient information regarding the allegations of paragraph #10 and therefore denies same.

11. CCS is without sufficient information regarding the allegations of paragraph #11 and therefore denies same.

12. CCS is without sufficient information regarding the allegations of paragraph #12 and therefore denies same.

13. The allegations of paragraph #13 are legal arguments that require no response from CCS. To the extent that a response is required from CCS, CCS admits that the EFTA

defines "electronic fund transfer" in 15 U.S.C. § 1693a(6) and that this provision speaks for itself.

14. The allegations of paragraph #14 are legal arguments that require no response from CCS. To the extent that a response is required from CCS, CCS admits that the EFTA defines "preauthorized electronic fund transfer" in 15 U.S.C. § 1693a(9) and that this provision speaks for itself.

15. With respect to the allegations of paragraph #15, CCS admits that it is a section housed within the Division of Finance and Procurement within the Colorado Department of Personnel and Administration (hereinafter "DPA"). CCS further admits that DPA and the State Controller have the authority to assist various state agencies in collecting debts due to the State and that responsibility for the collection of debts may be delegated to the Central Collection Services section. CCS denies any remaining allegations of paragraph #15.

16. With respect to the allegations of paragraph #16, CCS admits that it is the central account receivables function for debts owed to State agencies and departments, the Judicial Department, and institutions of higher education. CCS also admits that its main function is debt collection for the foregoing State entities. CCS denies any remaining allegations of paragraph #16.

17. With respect to the allegations of paragraph #17, CCS admits that it regularly collects debts owed to State agencies and departments, the Judicial Department, and institutions of higher education. CCS denies any remaining allegations of paragraph #17.

18. With respect to the allegations of paragraph #18, CCS admits that it operates in-house collection efforts, using various means of communication, including mail, the telephone, and, email. CCS denies any remaining allegations of paragraph #18.

19. The allegations of paragraph #19 are legal arguments that require no response from CCS. To the extent that a response is required from CCS, CCS admits that the FDCPA defines "debt collector" in 15 U.S.C. § 1692a(6) and that this provision speaks for itself.

20. With respect to the allegations of paragraph #20, CCS admits that it acted through its duly authorized agents, employees, and officers. CCS is without sufficient information regarding the remaining allegations of paragraph #20 and therefore denies same.

21. CCS denies the allegations of paragraph #21.

22. The allegations of paragraph #22 are legal arguments that require no response from CCS. To the extent that a response is required from CCS, CCS admits that the EFTA defines "financial institution" in 15 U.S.C. § 1693a(8) and that this provision speaks for itself.

## IV.    ALLEGATIONS

### COUNT I: VIOLATION OF THE FDCPA

23. CCS reincorporates and realleges its responses to paragraphs #1-22 of Plaintiff's Complaint.

24. CCS admits the allegations of paragraph #24.

25. CCS admits the allegations of paragraph #25.

26. CCS admits the allegations of paragraph #26.

27. CCS admits the allegations of paragraph #27.

28. CCS admits the allegations of paragraph #28.

29. CCS admits the allegations of paragraph #29.

30. CCS admits the allegations of paragraph #30.

31. CCS admits the allegations of paragraph #31.

32. CCS denies the allegations of paragraph #32.

33. CCS denies the allegations of paragraph #33.

34. CCS denies the allegations of paragraph #34.

35. CCS admits the allegations of paragraph #35.

36. CCS admits the allegations of paragraph #36.

37. CCS admits the allegations of paragraph #37.

38. CCS denies the allegations of paragraph #38.

39. CCS denies the allegations of paragraph #39.

40. CCS denies the allegations of paragraph #40.

41. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 5, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #41 and therefore denies same.

42. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 5, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #42 and therefore denies same.

43. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 5, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #43 and therefore denies same.

44. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 5, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #44 and therefore denies same.

45. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 5, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #45 and therefore denies same.

46. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 10, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #46 and therefore denies same.

47. The allegations of paragraph #47 concern an unspecified timeframe and thus CCS is without information sufficient to form a belief as to the specific time or event of Plaintiff's allegations, and therefore denies same.

48. The allegations of paragraph #48 concern an unspecified timeframe and thus CCS is without information sufficient to form a belief as to the specific time or event of Plaintiff's allegations, and therefore denies same.

49. The allegations of paragraph #49 concern an unspecified timeframe and thus CCS is without information sufficient to form a belief as to the specific time or event of Plaintiff's allegations, and therefore denies same.

50. The allegations of paragraph #50 concern an unspecified timeframe and thus CCS is without information sufficient to form a belief as to the specific time or event of Plaintiff's allegations, and therefore denies same.

51. The allegations of paragraph #51 concern an unspecified timeframe and thus CCS is without information sufficient to form a belief as to the specific time or event of Plaintiff's allegations, and therefore denies same.

52. The allegations of paragraph #52 concern an unspecified timeframe and thus CCS is without information sufficient to form a belief as to the specific time or event of Plaintiff's allegations, and therefore denies same.

53. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 10, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #53 and therefore denies same.

54. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 10, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #54 and therefore denies same.

55. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 10, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #55 and therefore denies same.

56. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 10, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #56 and therefore denies same.

57. CCS has no record of a phone call between Plaintiff and CCS occurring on or about November 10, 2011. In addition, CCS has no record of a payment made by Plaintiff occurring on or about November 10, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #57 and therefore denies same.

58.     The allegations of paragraph #58 concern an unspecified timeframe and thus CCS is without information sufficient to form a belief as to the specific time or event of Plaintiff's allegations, and therefore denies same.

59.     CCS has no record of having made contact with Plaintiff's mother on or about December 11, 2011. However, CCS admits that it has a record showing that a staff member left a voice mail message at the Plaintiff's phone number on December 7, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #59 and therefore denies same.

60.     CCS has no record of having made contact with Plaintiff's mother on or about December 11, 2011. However, CCS admits that it has a record showing that a staff member left a voice mail message at the Plaintiff's phone number on December 7, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #60 and therefore denies same.

61.     CCS has no record of having made contact with Plaintiff's mother on or about December 11, 2011. However, CCS admits that it has a record showing that a staff member left a voice mail message at the Plaintiff's phone number on December 7, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #61 and therefore denies same.

62.     CCS is without sufficient information regarding the allegations of paragraph #62 and therefore denies same.

63.     CCS has no record of having made contact with Plaintiff's mother on or about December 11, 2011. However, CCS admits that it has a record showing that a staff member left

a voice mail message at the Plaintiff's phone number on December 7, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #63 and therefore denies same.

64. CCS has no record of having made contact with Plaintiff's mother on or about December 11, 2011. Thus, CCS is without sufficient information regarding the allegations of paragraph #64 and therefore denies same.

65. With respect to the allegations of paragraph #65, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS admits that it attempted in that phone call to collect the amount due owed by Plaintiff. CCS is without sufficient information regarding the remaining allegations of paragraph #65 and therefore denies same.

66. With respect to the allegations of paragraph #66, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS denies the allegations of paragraph #66.

67. With respect to the allegations of paragraph #67, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS denies the allegations of paragraph #67.

68. With respect to the allegations of paragraph #68, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS denies the allegations of paragraph #68.

69. With respect to the allegations of paragraph #69, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS admits that a payment plan was established with Plaintiff during the phone call whereby Plaintiff agreed to pay $50.00 per month. CCS is without sufficient information regarding the remaining allegations of paragraph #69 and therefore denies same.

70. With respect to the allegations of paragraph #70, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS admits that Plaintiff authorized a credit card payment on that date in the amount of $50.00 and that CCS processed the credit card payment. CCS is without sufficient information regarding the remaining allegations of paragraph #70 and therefore denies same.

71. With respect to the allegations of paragraph #71, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the

belief that this is the phone call referred to by Plaintiff, CCS admits that it received a one-time credit card payment from the Plaintiff on that date in the amount of $50.00. CCS is without sufficient information regarding the remaining allegations of paragraph #71 and therefore denies same.

72. With respect to the allegations of paragraph #72, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS admits that the Plaintiff authorized a credit card payment in the amount of $50.00 and that CCS processed the credit card payment. CCS is without sufficient information regarding the remaining allegations of paragraph #72 and therefore denies same.

73. With respect to the allegations of paragraph #73, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS is without sufficient information regarding the remaining allegations of paragraph #73 and therefore denies same.

74. With respect to the allegations of paragraph #74, CCS has no record of a phone call occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that its records show that it spoke by phone with Plaintiff on December 16, 2011, and, based on the belief that this is the phone call referred to by Plaintiff, CCS is without sufficient information regarding the remaining allegations of paragraph #74 and therefore denies same.

75.	With respect to the allegations of paragraph #75, CCS admits that on December 16, 2011, it processed a $50.00 credit card payment from Plaintiff based on the authorization she gave in the December 16, 2011, phone call.  CCS is without sufficient information regarding the remaining allegations of paragraph #75 and therefore denies same.

76.	With respect to the allegations of paragraph #76, CCS admits that on December 16, 2011, it processed a $50.00 credit card payment from Plaintiff based on the authorization she gave in the December 16, 2011, phone call and that the credit card payment was posted to Plaintiff's account on December 19, 2011.  CCS is without sufficient information regarding the remaining allegations of paragraph #76 and therefore denies same.

77.	With respect to the allegations of paragraph #77, CCS admits that on December 16, 2011, it processed a $50.00 credit card payment from Plaintiff based on the authorization she gave in the December 16, 2011, phone call and that the credit card payment was posted to Plaintiff's account on December 19, 2011.  CCS is without sufficient information regarding the remaining allegations of paragraph #77 and therefore denies same.

78.	With respect to the allegations of paragraph #78, CCS admits that on December 16, 2011, it processed a $50.00 credit card payment from Plaintiff based on the authorization she gave in the December 16, 2011, phone call and that the credit card payment was posted to Plaintiff's account on December 19, 2011.  CCS is without sufficient information regarding the remaining allegations of paragraph #78 and therefore denies same.

79.	CCS admits the allegations of paragraph #79.

80.	CCS admits the allegations of paragraph #80.

81.	CCS denies the allegations of paragraph #81.

82. CCS admits the allegations of paragraph #82.

83. CCS denies the allegations of paragraph #83.

84. CCS denies the allegations of paragraph #84.

85. CCS denies the allegations of paragraph #85.

86. CCS denies the allegations of paragraph #86.

87. CCS denies the allegations of paragraph #87.

88. CCS admits the allegations of paragraph #88.

89. CCS admits the allegations of paragraph #89.

90. CCS admits the allegations of paragraph #90.

91. CCS denies the allegations of paragraph #91.

92. CCS denies the allegations of paragraph #92.

93. CCS denies the allegations of paragraph #93.

94. CCS denies the allegations of paragraph #94.

WHEREFORE, CCS denies any allegations of the Plaintiff's Complaint not specifically admitted to herein and denies that Plaintiff is entitled to compensatory damages, statutory damages, attorneys' fees and costs, and/or any other relief.

## COUNT II: VIOLATION OF THE EFTA

95. CCS reincorporates and realleges its responses to paragraphs #1-94 of Plaintiff's Complaint.

96. With respect to the allegations of paragraph #96, CCS has no record of a phone conversation occurring between Plaintiff and CCS on December 19, 2011. However, CCS admits that it had a telephone conversation with Plaintiff on December 16, 2011, where Plaintiff

authorized a credit card payment in the amount of $50.00 and that CCS processed the credit card payment. CCS is without sufficient information regarding the remaining allegations of paragraph #96 and therefore denies same.

97. With respect to the allegations of paragraph #97, CCS is without sufficient information regarding the allegations and therefore denies same.

98. With respect to the allegations of paragraph #98, CCS is without sufficient information regarding the allegations and therefore denies same.

99. With respect to the allegations of paragraph #99, CCS is without sufficient information regarding the allegations and therefore denies same.

100. With respect to the allegations of paragraph #100, CCS is without sufficient information regarding the allegations and therefore denies same.

101. CCS admits that on December 16, 2011, it processed, with Plaintiff's permission, a credit card transaction in the amount of $50.00 and the credit card payment was posted to Plaintiff's account on December 19, 2011. CCS is without sufficient information regarding the remaining allegations in paragraph #101 and therefore denies same.

102. CCS admits that on December 16, 2011, it processed, with Plaintiff's permission, a credit card transaction in the amount of $50.00. CCS is without sufficient information regarding the remaining allegations in paragraph #102 and therefore denies same.

103. With respect to the allegations of paragraph #103, to the best of CCS's knowledge and belief, it did not make a "preauthorized electronic fund transfer" but it is without sufficient information regarding the remaining allegations in paragraph #103 and therefore denies same.

104. With respect to the allegations of paragraph #104, to the best of CCS's knowledge and belief, it did not make a "preauthorized electronic fund transfer" but it is without sufficient information regarding the remaining allegations in paragraph #104 and therefore denies same.

WHEREFORE, CCS denies any allegations of the Plaintiff's Complaint not specifically admitted to herein and denies that Plaintiff is entitled to compensatory damages, statutory damages, attorneys' fees and costs, and/or any other relief.

## V. JURY DEMAND

105. CCS admits that Plaintiff demands a trial by jury on all issues so triable.

## VI. AFFIRMATIVE DEFENSES

106. Plaintiffs' Complaint and Jury Demand fails to state a claim against CCS upon which relief can be granted.

107. All actions taken by CCS were taken for legitimate and valid reasons and were justified by law, rule, and regulation.

108. Some or all of Plaintiffs' claims are barred by the doctrines of sovereign immunity, qualified immunity, and waiver. Plaintiff owes State of Colorado, Arapahoe Community College, and CCS unpaid monetary amounts, plus costs, collection costs, and interest.

WHEREFORE, having fully answered Plaintiffs' Complaint and Jury Demand, CCS respectfully requests that this honorable Court dismiss Plaintiffs' Complaint against it, award CCS its costs and expenses of defending this suit, and grant such other and further relief that the Court deems appropriate.

Dated this 18th day of April, 2012.

Respectfully submitted,

JOHN W. SUTHERS
Attorney General

By: /s/ Tricia A. Leakey
*Original signature on file at the Office of the Colorado Attorney General*
TRICIA A. LEAKEY (Atty. No.: 39942*)
Assistant Attorney General
JOHN AUGUST LIZZA (Atty. No.: 14771*)
First Assistant Attorney General
Attorneys for the Colorado Department of Personnel and Administration, Central Collection Services
State of Colorado
Office of the Attorney General
1525 Sherman Street, 7th Floor
Denver, CO 80203
Phone: (303) 866-3966
Email: tricia.leakey@state.co.us
*Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

dmarco@smithlaw.us

lsmith@smithlaw.us

By: /s/ Tricia A. Leakey
*Original signature on file at the Office of the Colorado Attorney General*
TRICIA A. LEAKEY (Atty. No.: 39942*)
Attorney for the Colorado Department of Personnel and Administration, Central Collection Services
State of Colorado
Office of the Attorney General
1525 Sherman Street, 7th Floor
Denver, CO 80203
Phone: (303) 866-3966
Fax: (303) 866-5671
Email: tricia.leakey@state.co.us